**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**CELLOU SOW ET AL** | **CIVIL ACTION NO. 3:26-cv-00163**

**VERSUS** | **MAG. JUDGE KAYLA D. MCCLUSKY**

**IVAN POLOZIUK ET AL**

# RULING

Before the Court is a Motion for Judgment on the Pleadings [doc. #12] filed by Defendant Crum & Forster Insurance Brokers, Inc. ("Crum & Forster"). The motion is unopposed and fully briefed.

For the following reasons, **IT IS ORDERED** that Crum & Forster's Motion for Judgment on the Pleadings is **GRANTED**.

## I. BACKGROUND

On May 8, 2025, Plaintiff Cellou Sow ("Sow") was driving his 2016 Freightliner truck and trailer eastbound on Interstate 20 in Lincoln Parish. [docs. #1-2, p. 4]. In his original Petition, Sow alleges that, when he slowed due to traffic or construction, Defendant Ivan Poloziuk ("Poloziuk"), who was permissibly driving a 2025 Volvo truck and trailer owned by Defendant United Freight Service, Inc. ("United Freight"), rear-ended Sow's truck. *Id.* at pp. 4-5. Sow also contends that, because of the collision, his truck became inoperable and was towed to a storage area awaiting mechanical repairs. *Id.* at p. 5. As of November 20, 2025, the truck remained unrepaired and in storage. *Id.*

Plaintiffs Sow and Cellou Trucking, LLC ("Cellou Trucking") (collectively "Plaintiffs") filed the instant suit in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana. In the original Petition, Sow alleges that, as a result of the accident, he has sustained injuries to his neck and back and incurred damages, including lost wages, medical expenses, property damage, loss of use of his vehicle, mental and emotional distress, loss of enjoyment of life, and general pain and suffering. *Id.* Plaintiffs further allege that Poloziuk failed to maintain control; failed to see what he should have seen; drove too closely to Sow's vehicle; and negligently caused a vehicular accident. *Id.* Plaintiffs also allege that, upon information and belief, Poloziuk acted in the course and scope of employment with United Freight, rendering United Freight vicariously liable for Sow's damages. *Id.* at p. 6.

In addition, Plaintiffs assert a claim against Crum & Forster, their own insurer. Sow alleges that he maintained a policy of insurance with Crum & Forster which included collision coverage and replacement rental vehicle coverage. *Id.* According to Sow, Crum & Forster has neglected to tender payment or to repair the truck and has neglected to tender a replacement rental vehicle. *Id.*

On January 20, 2026, Crum & Forster filed a Notice of Removal, removing the suit to the Western District of Louisiana. [doc. #1, p. 1].

Crum & Forster filed a Motion for Judgment on the Pleadings on February 17, 2026. [doc. #12, p. 1]. Crum & Forster argues that it cannot be held responsible for payment of property damage to vehicles because it is a commercial brokerage firm, not an insurance company. *Id.*

Plaintiffs did not oppose the motion, but, instead, amended their complaint to include an action against Defendant North River Insurance Company ("North River"), which states that

Sow maintained a policy of insurance with North River, through its broker Crum & Forster. [doc. #22, p. 1]. In the Amended Complaint, which is now the operative pleading, Sow alleges that North River has neglected to tender payment, repair his truck, and tender a replacement vehicle. *Id.* Sow further alleges in the Amended Complaint that he has been unable to produce income for himself or his business while his truck has been damaged and inoperable. *Id.* at p. 2. Sow argues that he is entitled to punitive damages against North River for its failure to fairly and promptly, or even to attempt to discuss, settlement of his claim. *Id.* For purposes of refuting a bad faith cause of action, Sow contends that notice and demand was properly made upon North River. *Id.* In support of his argument, Sow states that the only point of contact known to Sow throughout his relationship with North River was Crum & Forster. *Id.* Additionally, the two entities share a principal place of business; the policy insurance purchased by Sow reveals no phone number or address for contacting North River; and all contact, including the reporting of claims, was directed to Crum & Forster. *Id.* at p. 3; [doc. #13, p. 2].

The motion is unopposed, fully briefed, and the Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Applicable Standards of Review

#### 1. Motions for Judgment on the Pleadings

A motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2002) (citations omitted). "The court 'accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted).

To withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-68 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *Iqbal*, 556 U.S. at 556. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly*, 550 U.S. at 556.

In determining the outcome of a motion for judgment on the pleadings, the court is generally confined to the pleadings. *Hughes*, 278 F.3d at 420. However, the court may look to any judicially noted facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (citation omitted). Moreover, the court can consider documents attached to a complaint. *Great Plains Trust Co.*, 313 F.3d at 313 ("these documents thereby [become] part of [the] pleadings") (citation omitted).

**2. Louisiana Insurance Law**

The Court must apply the law of the forum state, or the state where the federal court is located, when presiding over a diversity case. *Hughes*, 278 F.3d at 420 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64. 78 (2938). The Court is bound to apply the law as interpreted by the

state's highest court when adjudicating claims for which state law applies. *Ladue v. Chevron*, U.S.A., Inc., 920 F.2d 272, 274 (5th Cir. 1991).

The Court must therefore apply Louisiana law. Louisiana courts apply the Louisiana Civil Code's general rules for interpreting contracts. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994) (citations omitted). Courts are responsible for determining the parties' common intent. *Louisiana Ins. Guar. Ass'n.*, 630 So.2d at 763 (citing LA. CIV. CODE ANN. art. 2045). The parties' intent is to be determined by the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. *Louisiana Ins. Guar. Ass'n.*, 630 So.2d at 763 (citing LA. CIV. CODE ANN. art. 2047) (citations omitted).

Additionally, an insurance policy should not be interpreted in an unreasonable or a strained manner to enlarge or to restrict its provisions to beyond what is reasonably contemplated by its terms or to achieve an absurd conclusion. *Louisiana Ins. Guar. Ass'n.*, 630 So.3d at 763.

### B. Pending Motion

#### 1. Document Consideration

Although not attached to the Petition or Amended Complaint, Crum & Forster submits that the Court may consider the insurance policy agreement ("the policy") attached to its Moton for Judgment on the Pleadings. Crum & Forster cites to *Raphiel v. Booth*, No. CV 24-1348, 2025 WL 3046011, at *2 (W.D. La. Oct. 25, 2025). In *Raphiel,* this Court held that "[d]ocuments that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at *2 (footnote omitted). This Court also held that "any documents attached to the briefing on a

motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity." *Id.* (footnote omitted).

This Court agrees that the policy is properly considered when assessing the merits of the instant motion. Plaintiffs' original Petition discusses the contents of the policy, which allegedly included collision coverage and replacement rental vehicle coverage. [doc. #1-2, p. 6]. Plaintiffs further allege that they are entitled to reasonable compensation from Crum & Forster based on the policy's contents. *Id.* Plaintiffs also refer to the policy in their Amended Complaint. [doc. #22, p. 1]. Specifically, Plaintiffs claim Sow maintained the policy with North River and refers to the policy's contents, which included collision coverage and replacement vehicle coverage. *Id.* Furthermore, Plaintiffs claim that they are entitled to damages, including punitive damages, because North River failed to comply with the policy. *Id.*

Finally, Plaintiffs discuss the policy when explaining why they initially filed a claim against Crum & Forster, instead of North River. *Id.* at p. 3. Plaintiffs state that, upon review of the policy agreement, there is no phone number or address for contacting North River. [doc. #13, p. 2]. Rather, Plaintiffs assert that all contact was directed to Crum & Forster. *Id.*

The policy provided by Crum & Forster is thus sufficiently referenced by Plaintiffs and is central to Plaintiffs' claims against Crum & Forster and North River to be considered as part of the Amended Complaint.

**2. Policy's Contents**

The plain language of the policy and common intent of the parties support Crum & Forster's Motion for Judgment on the Pleadings. Although Plaintiffs are correct in stating that the policy contains no contact information for North River, such as a phone number or e-mail address, the policy clearly states that insurance coverage would be provided by North River on

several pages of the agreement. For example, the "Common Policy Declarations" section lists North River as the insurer. *Id.* at pp. 10-12. The policy also contains a signature page, which lists North River and does not mention Crum & Forster. *Id.* at p. 13. This page includes signatures from North River's Chairman and CEO and Secretary, rather than executives from Crum & Forster. *Id.* In addition, the policy's endorsement page lists the name of the insurance company as "The North River Insurance Company." [doc. #13, p. 110]. The policy was undoubtedly facilitated by Crum & Forster, an insurance brokerage company, but the plain language of the policy demonstrates that insurance coverage would be supplied by North River, not Crum & Forster.

Likewise, Plaintiffs have since amended the original Petition to provide as follows: "Cellou maintained a policy of insurance with North River Insurance Company, through its broker Crum & Forster, which policy of insurance included collision coverage and replacement rental vehicle coverage." [doc. #22, p. 1].

Since the plain meaning of the policy and the common intent of the parties support the conclusion that Crum & Forester merely facilitated insurance coverage provided by North River, Plaintiffs' cause of action against cannot meet the facial plausibility standard established in *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 667-68 (citing *Twombly*, 550 U.S. at 555). The facts presented by both parties, which include allegations in Plaintiffs' Amended Complaint and the policy provided to the Court by Crum & Forster, are not sufficient to lead to a reasonable inference that Crum & Forster is liable to Plaintiffs.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that the Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) [doc. #12] is **GRANTED**, and Plaintiffs' claims against Crum & Forester are **DISMISSED WITH PREJUDICE**.

In Chambers, at Monroe, Louisiana, on this 25th day of August, 2026.

Kayla Dye McClusky

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE